UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN L. WILLIAMS, | ) | Case No. 1:17CV2469 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JEFFREY HELMICK |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| KIMBERLY CLIPPER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

Petitioner Jordan L. Williams[1] ("Williams" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Williams*, Case No. 14CR088770 (Lorain County July 20, 2015). (R. 1; R. 7-1, RX 7.) Williams' petition stems from his 2015 convictions for reckless homicide and felony murder, in the Lorain County (Ohio) Court of Common Pleas. The petition raises four grounds for relief:

1. Appellant's conviction of count 2 was not supported by sufficient evidence.

2. The trial court erred when it failed to properly instruct the jury of the lesser included offense.

3. Petitioner's direct appeal counsel was ineffective for failing to advise petitioner that post conviction was the proper vehicle to raise issues outside of the record.

---

[1] Williams' petition spells his first name as "Jordon." (R. 1, PageID #: 1.) Throughout the state record and in his Traverse, however, his named is spelled as "Jordan." (R. 9, PageID #: 1173, 1187; R. 7-1, PageID #: 47, 98.)

> 4. Petitioner's direct appeal counsel was ineffective for failing to advise petitioner that the record had been transmitted, triggering the 180 day period for filing a timely post conviction petition.

(R. 1, § 12, PageID #: 4, 5, 6.) The respondent has filed a Return of Writ (R. 7), and the petitioner has filed a Traverse (R. 9). For the following reasons, the magistrate judge recommends that the petition be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.") The Ohio Ninth District Court of Appeals ("state appellate court") provided the following factual and procedural background:

> In the early morning hours of January 5, 2014, Mr. Williams, Andre Jackson, and Jeris Geiger went to T & A bar in Elyria. As they were outside, Mr. Geiger pointed out a vehicle that he thought belonged to Diontay Spraggins. Because the vehicle looked like Diontay Spraggins' vehicle, Mr. Geiger assumed Diontay Spraggins was driving it. Mr. Williams and Diontay Spraggins were not on good terms and had had recent confrontations. Upon hearing that Diontay Spraggins was in the vicinity, Mr. Williams, who had a 9mm Glock semi-automatic pistol on his person, "turned around and pulled his gun out, cocked it back and said where?"
>
> When the vehicle pulled up to the bar, it was clear to Mr. Jackson that the driver was Antonio Spraggins, Diontay Spraggins' brother. The three approached the vehicle and Mr. Geiger engaged in small talk with the driver. According to Mr. Jackson, Mr. Williams then hit the window with the gun and a shot went off. An additional one or two more shots were fired and Antonio Spraggins put the vehicle in reverse and began to back up. Antonio Spraggins' car proceeded backward, hit another car, and became lodged in a snowbank at an intersection. Mr. Williams, Mr. Jackson, and Mr. Geiger fled to Mr. Williams' vehicle. Mr.

2

Williams drove and threw the gun in the back seat. As they drove by Antonio Spraggins' vehicle, Mr. Jackson picked up the gun and fired multiple shots at the vehicle. The three fled Elyria, and ultimately the state, before returning to Ohio and being arrested.

The ensuing police investigation revealed that Antonio Spraggins was shot and killed by a single gunshot wound to the left arm that penetrated vital organs and was fired from a distance greater than contact but less than three feet. Thus, the evidence tended to support the conclusion that Mr. Williams fired the fatal shot.

In February 2014, Mr. Williams was indicted on one count of murder in violation of R.C. 2903.02(A), one count of murder in violation of R.C. 2903.02(B) (felony murder), and one count of felonious assault in violation of R.C. 2903.11(A)(1). Two firearm specifications accompanied each of the charges.

The matter proceeded to a jury trial. After the State rested, Mr. Williams' counsel moved, pursuant to Crim.R. 29, for an acquittal on the two murder counts, asserting that the evidence demonstrated the shooting was an accident. The trial court denied the motion but went on to discuss how the State would like to proceed on the felonious assault count. The trial court seemed to believe that the felonious assault count could not go to the jury because the felonious assault charge would be allied with the felony murder charge based upon felonious assault, and thus Mr. Williams could only be convicted of one of the charges. Upon that mistaken belief, the trial court granted a Crim.R. 29 motion with respect to count three, felonious assault. Following that discussion, Mr. Williams' counsel did not make any additional motions regarding the remaining counts.

After the defense rested, the jury was instructed on murder, felony murder, and reckless homicide as a lesser included offense of murder. While Mr. Williams' counsel requested an instruction on reckless homicide as a lesser included offense of felony murder, the trial court declined to give the instruction.

The jury found Mr. Williams not guilty of murder. However, the jury did find him guilty of reckless homicide and felony murder. In addition, the jury found Mr. Williams guilty of one of the two firearm specifications accompanying each of the two counts.

(R. 7-1, RX 14, PageID #: 180-182; *State v. Williams*, 72 N.E.3d 1116, 1117-1118 (Ohio Ct. App. 2016).

A. Direct Appeal

Williams filed a direct appeal and raised the following assignments of error:

3

> 1. The trial court erred in allowing Count Two, felony murder, to reach the jury since Count Three, the predicate offense, felonious assault, was dismissed pursuant to Criminal Rule 29 and was not supported by sufficient evidence.
>
> 2. The trial court erred when it failed to properly instruct the jury of the lesser included offense of reckless homicide, for Count Two, murder.

(R. 7-1, RX 12, PageID #: 119.) The state appellate court affirmed the judgment of the trial court, on October 17, 2016. (R. 7-1, RX 14; *Williams*, 72 N.E.3d 1116.) Williams did not file a timely appeal to the Supreme Court of Ohio. *See generally* Ohio S.Ct.Prac.R. 7.01(A)(1) (45 days to file).

However, on February 22, 2017, the Supreme Court of Ohio granted Williams' motion for leave to file a delayed appeal. (R. 7-1, RX 15; *State v. Williams*, 148 Ohio St.3d 1408, 69 N.E.3d 749 (2017).) Williams subsequently set forth two propositions of law for consideration by the court:

> 1. The Defendant-Appellant was denied his right to Due Process and his protection against Double Jeopardy under the U.S. and Ohio Constitutions when he was convicted of felony murder under R.C. 2903.02(B) despite the trial court having dismissed the predicate offense of felonious assault.
>
> 2. The Defendant-Appellant was denied his Due Process protections under the U.S. and Ohio Constitutions when the trial court failed to properly instruct the jury of the lesser included offense of reckless homicide for Count Two, felony murder.

(R. 7-1, RX 16, PageID #: 194.) On June 21, 2017, the court declined to accept jurisdiction of the appeal. (R. 7-1, RX 18; *State v. Williams*, 149 Ohio St.3d 1433, 76 N.E.3d 1209 (2017).)

B. Untimely Rule 26(B) Application

On August 22, 2017, Williams *pro se* filed an application to reopen his direct appeal pursuant to Ohio App. Rule 26(B), raising ineffectiveness of appellate counsel, specifically, that

4

counsel failed to apprise him of the existence of post-conviction proceedings under Ohio Rev. Code § 2953.21, and the procedures for pursuing same. (R. 7-1, RX 19, PageID #: 238.)

The state appellate court denied the application, finding it to be untimely, and without good cause for the untimely filing. (R. 7-1, RX 21.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court]

5

cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision is not unreasonable, however, simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-412; *Lorraine*, 291 F.3d at 422.

### III.  SUFFICIENCY OF THE EVIDENCE

The first ground Williams asserts in the petition contends his underlying conviction on Count Two (felony murder) was not supported by sufficient evidence. (R. 1, PageID #: 4.) Although Williams' petition includes a section entitled "supporting facts," the petition merely states "[t]he record demonstrates that [his] conviction(s) are against the sufficiency of the evidence." *Id.* The respondent contends that petitioner has procedurally defaulted this ground of the petition. (R. 7, PageID #: 32.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court and, therefore, not pursuing the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

When a state court has not addressed a petitioner's federal claim(s) because the petitioner failed to satisfy a state procedural requirement, then the state judgment rests on independent and adequate state procedural grounds, thereby barring federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98

F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007). Furthermore, when a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*). When considering these factors, the undersigned finds that Williams has procedurally defaulted his first ground for relief.

On direct appeal, Williams' first assignment of error was: "The trial court erred in allowing Count Two, felony murder, to reach the jury since Count Three, the predicate offense, felonious assault, was dismissed pursuant to Criminal Rule 29 and was not supported by sufficient evidence." (R. 7-1, RX 12, PageID #: 119.) Williams argued that the trial court

improperly "instructed the jury as to the felonious assault charge being [the] underlying offense to the felony murder," despite that charge having been dismissed. *Id.* at 126. He asserts that the state had specified that Count Three, felonious assault, was the predicate offense to the felony murder count. *Id.* Williams argued that his acquittal on the felonious assault charge precluded the felony murder charge from being sustained by sufficient evidence to support a conviction. *Id.* at 127.

>The state appellate court overruled his assignment of error, ruling as follows:
>
>Mr. Williams argues in his first assignment of error that the trial court erred in allowing the felony murder charge predicated upon felonious assault to reach the jury because the trial court granted a Crim.R. 29 motion with respect to the felonious assault charge.
>
>We begin our discussion by noting that this Court has held that "[a]n appellant's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment." We thus confine our review accordingly. Within his assignment of error, Mr. Williams limits his challenge to the trial court's decision to allow the felony murder charge to reach the jury after the count for felonious assault was dismissed.
>
>After the State rested, Mr. Williams' counsel moved for acquittal on the murder and felony murder counts. In denying the motion the trial court concluded that the State's evidence, if believed, would support a conviction for murder. The trial court then, of its own accord, asked the State to discuss whether it planned to continue to pursue the felonious assault charge. The State indicated it did in fact plan to pursue the charge and saw no legal barrier to it doing so. The trial court then began to discuss whether the felonious assault charge would merge with the felony murder charge predicated upon felonious assault. The trial court believed that it would, and because of that, concluded that Mr. Williams could not be convicted of both offenses. The trial court then stated to the prosecutor that "[y]ou're not going to get a charge on felonious assault, so don't argue it." However, the trial court went on to say that, "You can talk all you want about felonious assault as it relates to [felony murder], sure." The trial court indicated that the prosecutor would still need to prove the elements of felonious assault as it related to the felony murder and that the trial court would incorporate the elements of felonious assault into the jury charge for felony murder, but that the trial court was not willing to allow a separate charge of felonious assault to go to the jury. Thereafter, the trial court stated that it granted the Crim.R. 29 motion

8

> with respect to the felonious assault count and denied it with respect to the remaining charges. At that point in time, defense counsel did not move to dismiss the felony murder count based upon the "acquittal" on the felonious assault charge. In fact, defense counsel did not raise the issue until defense counsel filed the post-trial motions, after the jury was already discharged.
>
> Given these circumstances, we conclude that Mr. Williams failed to preserve the specific argument he has raised in his assignment of error. Mr. Williams did not object to the felony murder charge going to the jury after the trial court dismissed the felonious assault charge. "It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected." Here, had Mr. Williams raised the issue prior to jury deliberations, the issue could have been resolved with the court avoiding the claimed error.

(R. 7-1, RX 14, at 183-184; *Williams*, 72 N.E.3d at 1118-1119, internal citations omitted.)

The state appellate court overruled Williams' assignment of error because he did not lodge a timely objection at trial, and he did not argue plain error. (R. 7-1, RX 14, at 184-185; *Williams*, 72 N.E.3d at 1119-1120.) The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review. *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005), *cert. denied*, 549 U.S. 853 (2006)). *See generally Wainwright*, 433 U.S. at 86-88 (contemporaneous objection rule adequate and independent state ground to foreclose habeas review); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 424 (6th Cir. 2003) (Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review, citing cases); *Loza v. Mitchell*, No. C-1-98-287, 2002 WL 1580520, at *28-*30 (S.D. Ohio June 11, 2002) (citing *Scott v. Mitchell*, 209 F.3d 854, 867-871 (6th Cir.), *cert. denied*, 531 U.S. 1021 (2000)). Application of the Ohio rule satisfies the first three factors in *Maupin*.

As to the fourth *Maupin* factor, petitioner must demonstrate that there was cause for him not to follow the procedural rule. "Cause" for a procedural default is ordinarily shown by "some

9

objective factor external to the defense" that impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Williams does not argue cause in his Traverse.[2] *See generally* R. 9, PageID #: 1179-1183. The petition should not be granted on the basis of the first ground of the petition because the claim has been procedurally defaulted.

## IV. LESSER INCLUDED OFFENSE

The second ground of the petition alleges the trial court erred by not instructing the jury on a lesser-included offense. (R. 1, PageID #: 5.) On direct appeal, Williams argued that the trial court erred by not instructing the jury, at the defendant's request, on the lesser-included offense of reckless homicide with respect to the felony murder charge. (R. 7-1, RX 12, PageID #: 119.)

The state appellate court applied Ohio law to overrule Williams' assignment of error. *See generally* R. 7-1, RX 14, at 185-190; *Williams*, 72 N.E.3d at 1120-1122.) That court considered the appeal under the abuse of discretion standard of review. (R. 7-1, RX 14, at 185; *Williams*, 72 N.E.3d at 1120.) After recognizing that reckless homicide is a lesser-included offense of felony murder, *id.* at 186; *Williams*, 72 N.E.3d at 1120, the state appellate court reviewed the evidence

---

[2] Although ineffective assistance of trial counsel could serve as cause to overcome a procedural default, an ineffective assistance of counsel claim asserted as cause for another defaulted federal claim can itself be defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Because Williams did not raise ineffective assistance of trial counsel in his direct appeal (R. 7-1, RX 12, PageID #: 119), such a claim is defaulted under the Ohio doctrine of res judicata, which applies when a defendant who is represented by new counsel on direct appeal fails to raise the issue of ineffectiveness of trial counsel. *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004), *cert. denied*, 544 U.S. 1037 (2005).

10

in the light most favorable to Williams and found the trial court did not abuse its discretion when it declined to instruct on the lesser-included offense. In pertinent part, the court determined:

> Even viewing the evidence in a light most favorable to Mr. Williams, the record supports the conclusion that Mr. Williams fired multiple shots at Antonio Spraggins' vehicle, one of which caused his death. There was additional testimony that, because the gun used was a semi-automatic weapon, the trigger would have had to have been pulled each time in order to cause each shot to be fired. While there was testimony that the initial shot was fired accidentally, and that shot was likely the shot that killed Antonio Spraggins, an additional shot or shots were fired that could only be attributed to Mr. Williams. Accordingly, we cannot say that the jury could have concluded that Mr. Williams did not act knowingly but instead acted recklessly. Irrespective of whether Mr. Williams' purpose was to cause serious physical harm to Antonio Spraggins, the testimony supports that his actions were knowing and not reckless. Hitting a loaded gun against a window causing a shot to go off and then firing an additional shot or shots towards the vehicle cannot be said to reasonably amount to reckless conduct. The fact that Mr. Williams fired an additional shot or shots after the "accidental" firing provides evidence that the "accidental" firing was not in fact accidental, and that instead, Mr. Williams acted knowingly. In other words, if the initial shot had truly been accidental and Mr. Williams was not acting to knowingly cause Antonio Spraggins serious physical harm, then it would have been reasonable for Mr. Williams to desist from firing additional shots. However, that is not what occurred. Instead, Mr. Williams fired at least one additional shot. The testimony supports the conclusion that Mr. Williams acted with an awareness that his conduct would probably cause serious physical harm to the occupant of the vehicle. *See* former R.C. 2901.22(B).

*Id.* at 189; *Williams*, 72 N.E.3d at 1122. Because the state appellate court determined that, from the evidence before it, the jury could not have concluded that Williams acted in a reckless, rather than a knowing, manner, the court found no abuse of discretion when the trial court declined to instruct the jury on a lesser-included offense of reckless homicide with the respect to the felony murder count. *Id.* at 186-190; *Williams*, 72 N.E.3d at 1121-1122.

The respondent argues that this claim is not cognizable. (R. 7, PageID #: 39-40.) The majority view is that the failure to instruct on lesser included offenses in noncapital cases, such

as this, is not cognizable in federal habeas cases. *Bagby v. Sowders*, 894 F.2d 792, 795-797 (6th Cir.) (en banc), *cert. denied*, 496 U.S. 929 (1990) (citing cases). The Supreme Court "has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1534 (2015) (citing *Beck v. Alabama,* 447 U.S. 625, 638 n. 14 (1980)). *See also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002), *cert. denied*, 537 U.S. 1192 (2003) (citing *Bagby*); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001), *cert. denied*, 535 U.S. 975 (2002) (Constitution does not require lesser included offense instruction in non-capital cases, citing *Bagby*). Williams does not present a Supreme Court case which would establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See generally* R. 9, PageID #: 1184-1186. The petition should not be granted on the basis of the second ground.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

The respondent contends that Williams has procedurally defaulted the third and fourth grounds of the petition, based on ineffective assistance of appellate counsel. (R. 7, PageID #: 40-41.). Respondent argues that Williams failed to comply with state procedural rules because the state appellate court of denied his Rule 26(B) application as untimely, and he failed to appeal that ruling to the state supreme court. (R. 7, PageID #: 40-41.) Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. *Coleman*, 501 U.S. at 729-730; *Wainwright*, 433 U.S. 72; *Morales,*

12

98 F.Supp.2d at 860. Thus, when a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750); *Davie*, 324 F.Supp.2d at 870.

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Monzo v Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (quoting *State v. Williams*, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. *Monzo*, 281 F.3d at 577 (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). Williams did not file a timely motion to re-open.

Instead, Williams filed a request *pro se* for a delayed application to reopen his direct appeal pursuant to Rule 26(B). (R. 7-1, RX 19.) The state appellate court denied his request as untimely, finding that Williams failed to demonstrate good cause for the untimely filing. (R. 7-1, RX 21.) There is no indication in the record that Williams appealed this ruling.

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Williams' claim, and the state court found that Williams failed to comply with the timely-filing provision. The

13

state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that this is an adequate state procedural ground. *Smith v. Ohio, Dept. of Rehab. & Corr.*, 463 F.3d 426, 436 n.7 (6th Cir. 2006); *Monzo*, 281 F.3d at 577-578.

Any ineffective-assistance claims that Williams could have asserted properly, but did not, are defaulted under the Ohio doctrine of res judicata. *Jacobs*, 265 F.3d at 417; *Coleman*, 244 F.3d at 538; *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (syllabus, ¶9). If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice. *Engle*, 456 U.S. at 129; *Wainwright*, 433 U.S. at 86-87.

Application of the Ohio rule of res judicata satisfies the first three factors in *Maupin*. *Jacobs*, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Rather than argue for "cause," Williams's Traverse appears to abandon the third and fourth grounds of the habeas petition. (R. 9, PageID #: 1178, setting forth only first and second grounds). Thus, no cause has been shown, and the claims are procedurally defaulted. The petition cannot be granted on the basis of the third or fourth grounds.

14

VI.  CONCLUSION

It is recommended that the Petitioner's petition be denied. The petition should not be granted on the basis of the first, third or fourth grounds of the petition because Petitioner has procedurally defaulted those claims. The petition should not be granted on the basis of the second ground because Williams has not shown that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

                                                s/ David A. Ruiz
                                                David A. Ruiz
                                                United States Magistrate Judge

Date:  December 20, 2019

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981.