UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jordan L. Williams,                                           Case No. 3:17-cv-2469

        Petitioner,

v.                                                            MEMORANDUM OPINION
                                                              AND ORDER

Ed Sheldon, Warden,[1]

        Respondent.

## I. INTRODUCTION

Petitioner Jordan L. Williams filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Lorain County, Ohio Court of Common Pleas on charges of reckless homicide and felony murder. (Doc. No. 1). Magistrate Judge David A. Ruiz reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 10). Williams filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 12). For the reasons stated below, I overrule Williams' objections and adopt Judge Ruiz's Report and Recommendation.

## II. BACKGROUND

On February 20, 2014, Williams was charged by indictment with one count of murder in violation of Ohio Revised Code § 2903.02(A), one count of felony murder in violation of § 2903.02(B), and one count of felonious assault in violation of § 2903.11(A)(1), in connection with

---

[1] Williams is incarcerated at the Richland Correctional Institution in Mansfield, Ohio, where Ed Sheldon currently is the warden. Fed. R. Civ. P. 25(d).

the death of Antonio Spraggins on January 5, 2014. (Doc. No. 7-1 at 4-5). The grand jury also charged Williams with firearm specifications on each count of the indictment. (*Id.*).

The case proceeded to trial on June 30, 2015. At the close of the state's case at trial, the trial judge dismissed the felonious assault charge while under what the Ninth District Court of Appeals referred to as the "mistaken belief" that the jury could not consider both the felonious assault and felony murder based upon felonious assault charges at the same time. *State v. Williams*, 72 N.E.2d 1116, 1118 (Ohio Ct. App. 2016). The trial court subsequently gave the jury instructions on murder, felony murder, and reckless homicide as a lesser included offense of murder. *Id.* The trial court rejected Williams' request that the court give a reckless-homicide instruction as to the felony murder charge as well. *Id.*

The jury found Williams not guilty of murder but found him guilty of the lesser included offense of reckless homicide and of felony murder, as well as of a firearm specification on both counts. The trial court denied Williams' post-verdict motions for a new trial and for a judgment of acquittal pursuant to Ohio Criminal Rule 29(C) and sentenced him to an aggregate term of 18 years to life in prison.

The Ninth District Court of Appeals rejected Williams' assignments of error and affirmed his conviction and sentence. *Id.* at 1122. The Supreme Court of Ohio granted Williams' motion for leave to file a delayed appeal but later declined to accept jurisdiction of his appeal. (Doc. No. 7-1 at 149, 194).

Williams then filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). The Ninth District Court of Appeal denied the application as untimely, because Williams did not file it within 90 days of the date on which the appellate judgement was journalized, and he did not establish good cause for his late filing. (*Id.* at 212-13).

Williams does not object to Judge Ruiz's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 10 at 2-5).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

3

Williams presents the following grounds for relief:

**Ground One**: Appellant['s] conviction of count 2 was not supported by sufficient evidence.

**Ground Two**: The trial court erred when it failed to properly instruct the jury of the lesser included offense.

**Ground Three**: Petitioner's direct appeal counsel was ineffective for failing to advise petitioner that post conviction was the proper vehicle to raise issues outside of the record.

**Ground Four**: Petitioner's direct appeal counsel was ineffective for failing to advice petitioner that the record had been transmitted, triggering the 180 day period for filing a timely post conviction petition.

(Doc. No. 1 at 4-6).

Judge Ruiz recommends I conclude Grounds One, Three, and Four are barred by the procedural default rule and that Ground Two is not cognizable in federal habeas proceedings.

Williams objects only to Judge Ruiz's recommendations as to Grounds One and Two. (*See* Doc. No. 12). The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Williams has not objected to Judge Ruiz's conclusion that Williams failed to comply with Ohio procedural rules by filing his application to reopen his appeal after the mandatory 90-day deadline and that that untimely filing bars review of his claims during habeas proceedings. (Doc. No. 10 at 12-14). I adopt Judge Ruiz's recommendation and deny Williams' ineffective assistance of appellate counsel claims in Grounds Three and Four as procedurally defaulted.

4

### A.     GROUND ONE

Judge Ruiz recommends I conclude Williams' insufficiency-of-the-evidence claim is procedurally defaulted because the Ninth District Court of Appeals rejected his challenge to his felony murder conviction based upon Ohio's contemporaneous objection rule.  (Doc. No. 10 at 9).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).  The procedural default rule prohibits a habeas court from considering a federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

Ohio law requires a criminal defendant to call a trial error "to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court."  *State v. Joseph*, 653 N.E.2d 285, 291 (Ohio 1995).  If the defendant fails to do so, the appellate courts will review the alleged error only for plain error.  *Id.*  "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review and that the application of plain error review constitutes enforcement of the rule."  *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005).

The Ninth District Court of Appeals concluded Williams failed to preserve his claim concerning the felony murder charge going to the jury because he did not object to the trial court's decision until after the jury had returned its verdict and overruled his assignment of error because

5

Williams failed to argue plain error on appeal. *State v. Williams*, 72 N.E.3d at 1119-20. Thus, the procedural default rule bars Williams' claim in these habeas proceedings unless he can establish cause and prejudice to excuse his default.

Williams, however, does not argue cause and prejudice or acknowledge Judge Ruiz's procedural-default recommendation. Instead, he reiterates his substantive disagreement with the trial court's decision. (Doc. No. 12 at 7-13).

Williams failed to follow Ohio's contemporaneous objection rule, which is an independent and adequate state ground to foreclose relief. *Biros*, 422 F.3d at 386-87. He has not established cause and prejudice to excuse his procedural default and, therefore, I overrule his objection and deny Ground One of his petition as barred by the procedural default rule.

### B. GROUND TWO

In Ground Two, Williams argues the trial court erred by refusing to give his requested jury instruction on the lesser-included offense of reckless homicide on the felony murder charge. The Ninth District Court of Appeal concluded the trial court did not abuse its discretion in refusing to give Williams' requested reckless-homicide instruction. *State v. Williams*, 72 N.E.3d at 1120-22.

Judge Ruiz recommends I conclude this claim is not cognizable. (Doc. No. 10 at 11-12). Williams objects but again argues the substance of his claim and does not respond to Judge Ruiz's non-cognizable recommendation. (Doc. No. 12 at 13-16).

The Sixth Circuit previously has held that a petitioner's claim regarding the trial court's failure to give a lesser-included offense instruction in a noncapital case does not involve "an error of such character and magnitude [as] to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990); *see also Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Therefore, I overrule Williams' objection and deny Ground Two of his petitioner as not cognizable.

### C.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Williams' petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V.    CONCLUSION

For the reasons stated above, I overrule Williams' objections, (Doc. No. 12), to Judge Ruiz's Report and Recommendation, (Doc. No. 10), and adopt the Report and Recommendation in full. I conclude Williams' first, third, and fourth grounds for relief are procedurally defaulted and his second ground for relief is not cognizable in habeas corpus proceedings.

I also conclude Williams fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

              s/ Jeffrey J. Helmick
              United States District Judge